DAVID BASEK,                                  )
                                             )
            Plaintiff,                        )        No. 13 C 05852
                                             )
      v.                                      )
                                             )        Judge Edmond E. Chang
TRI-STATE FIRE PROTECTION DISTRICT;           )
TRI-STATE FIRE PROTECTION DISTRICT            )
BOARD OF TRUSTEES; HAMILTON GIBBONS;          )
JILL STRENZEL; MICHAEL ORRICO;                )
TRI-STATE FIRE PROTECTION DISTRICT            )
BOARD OF COMMISSIONERS;                       )
ROBERT JEWELL; WILLIAM ANDERSON;              )
CHRISTOPHER BAUMBACH; and                     )
MICHELLE GIBSON,                              )
                                             )
            Defendants.                       )

## MEMORANDUM OPINION AND ORDER

Plaintiff David Basek, an Illinois firefighter, alleges that he was removed

from his position as a "Division Chief" without due process and in retaliation for

taking medical leave, in violation of the Family and Medical Leave Act (FMLA), 29

U.S.C. § 2601 *et seq.*, and filing a worker's compensation claim, in violation of state

law.[1] Basek has named as Defendants his employer, the Tri-State Fire Protection

District, its Board of Trustees, and a number of individual trustees and District

commissioners. Defendants move to dismiss Basek's due process and medical-leave

claims under Federal Rule of Civil Procedure 12(b)(6). They also move for summary

---

[1] The Court has subject matter jurisdiction under 28 U.S.C. § 1331, and
supplemental jurisdiction over Basek's state-law claims under 28 U.S.C. § 1367.

judgment on Basek's worker's compensation-retaliation claim. For the reasons explained below, Defendants' partial motion to dismiss is denied and their motion for partial summary judgment is granted.

## I. Background

The Tri-State Fire Protection District, a municipal corporation organized under Illinois law and headquartered in Darien, Illinois, serves portions of DuPage and Cook Counties.[2] Compl. ¶ 5; DSOF ¶ 2. David Basek began working as a union firefighter for the District in 1986. Compl. ¶ 11; DSOF ¶8. In 1991, he was promoted to Station Commander. DSOF ¶ 10. After nearly two decades of service for the District, Basek was appointed to the position of Division Chief for Safety and Security in 2004 or 2005. Compl. ¶ 13; DSOF ¶ 12.

Around June 2011, Basek began receiving treatment for a heart condition, which required him to take medical leaves from work throughout the rest of the year. Compl. ¶¶ 15-16. Also as a result of that heart condition, Basek filed a claim for worker's compensation benefits with the Illinois Industrial Commission in

---

[2]Different standards govern the Court's consideration of the record for purposes of a motion to dismiss and a motion for summary judgment. In evaluating the former, the Court accepts the Complaint's factual allegations as true and draws reasonable inferences in Basek's favor. *Ashcroft v. al-Kidd*, — U.S. —, 131 S.Ct. 2074, 2079 (2011). In deciding the latter, the Court must view the evidence in the light most favorable to the non-moving party, again, Basek. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court presents the relevant factual background with both standards in mind. Facts that are potentially material to the present motions and contested are so noted. Uncontested facts have citations to both Basek's assertion and to Defendants' Local Rule 56.1 Statement of Facts (DSOF) [R. 24].

Basek was excused from having to file a Statement of Facts because the summary judgment motion turns largely on a discrete question of law and is not fact-intensive. *See* R. 27, Oct. 10, 2013 Minute Entry. The Court looks instead, where appropriate, to the facts set forth in the Complaint, as well as Basek's sworn declaration (Basek Decl.) attached to his opposition brief [R.39-1, Exh. A].

November 2011. *Id.* ¶ 17. According to Basek, in December 2011, he was told that his supervisor was displeased that Basek had filed the worker's compensation claim. *Id.* ¶ 18. When Basek returned to work in 2012, he was allegedly harassed about that claim, in the form of comments downplaying his heart condition. *Id.* ¶ 19.

In late May 2012, Basek suffered a separate workplace injury, requiring him to take a two-month medical leave. *Id.* ¶¶ 20-21. A few weeks later, in mid-June 2012, Basek received an email from Michelle Gibson, the District's Fire Chief, stating that he was being investigated for possible unidentified violations of District rules. *Id.* ¶ 22. He was also required to submit a weekly report to Gibson on his actions involving District business. *Id.* ¶ 25. Basek alleges that when he returned from medical leave in July 2012, Gibson refused to discuss the investigation or the new requirement for weekly reports with him, and that he was required to work at a desk typically reserved for part-time employees rather than his usual cubicle. *Id.* ¶¶ 26-27, 30. He further alleges that around this time he was no longer identified as a Division Chief on the District's website. *Id.* ¶ 31.

Sometime in late October or November 2012, Basek was removed from his position as Division Chief. Basek Decl. ¶ 2; DSOF ¶ 13. Basek asserts that Gibson informed him that the discharge was the result of the investigation into unspecified rules violations, but offered him the chance to return to his former union position as a Career Service Lieutenant, which Basek accepted. Compl. ¶ 33; Basek Decl. ¶¶ 2-3. According to Defendants, however, Basek immediately reverted to his former

position of Lieutenant upon removal from the Division Chief position without any intervening offer. DSOF ¶ 13.

Basek filed this lawsuit in August 2013, (1) alleging that Defendants unlawfully discharged him as Division Chief without due process as required by the United States and Illinois constitutions, (2) seeking a writ of mandamus reinstating him as a Division Chief, (3) alleging discrimination and retaliation in violation of the FMLA, and (4) alleging retaliatory discharge for asserting his rights to Illinois worker's compensation. Compl. ¶¶ 49-87. Defendants moved to dismiss the due process claims because Basek cannot establish that he had a protectable property interest in the Division Chief position, and because the individual Defendants are protected by the doctrine of qualified immunity. R. 18, Mot. Dismiss. Discovery has been ongoing in the case except as to these claims, pending resolution of the motion to dismiss. R. 27, Oct. 10, 2013 Minute Entry. Meanwhile, Defendants separately moved for summary judgment on the workers' compensation claim on the grounds that at worst Basek was demoted, not fired, in retaliation, which is not actionable as a matter of Illinois law. R. 21, Mot. Summ. J.

## II. Standards of Review

### A. Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

4

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007)). The allegations "must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, and are entitled to an assumption of truth so long as they are *factual* in nature, rather than mere *legal* conclusions. *Iqbal,* 556 U.S. at 678-79.

## B. Motion for Summary Judgment

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only competent evidence of a type otherwise admissible at trial, *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th

Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III. Discussion

### A. Partial Motion to Dismiss

#### 1. Due Process Claims

Defendants' motion to dismiss Basek's due process claims turns on novel issues of statutory interpretation and the interplay of state and local laws governing fire-services personnel in Illinois. Basek contends that under the Illinois Fire Protection District Act, he could only have been removed as Division Chief for just cause as determined at a hearing. Pl.'s Mot. Dismiss Opp. Br. at 4-6. Defendants counter that Basek's position was governed by municipal ordinances that created— consistent with local powers granted by the Act—an exempt category of executive personnel who could be discharged at will. Defs.' Mot. Dismiss Br. at 5-8. Thanks to ambiguities in the Act's language, resolving whose interpretation is correct, and whether Basek had a protected interest in his job as Division Chief, is not self-evident.

##### a. Protected Property Interest

Evaluating a procedural due process claim involves two steps. The court must first determine "whether the plaintiff was deprived of a protected interest" and, second, consider "what process is due." *Leavell v. Illinois Dep't of Natural Res.*, 600 F.3d 798, 804 (7th Cir. 2010) (quoting *Pugel v. Bd. of Trustees of Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir. 2004)). Where state or local law has created a property

interest in public employment, an employee must be given notice and an opportunity to be heard before being deprived of that employment. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985); *accord Barrows v. Wiley*, 478 F.3d 776, 780 (7th Cir. 2007) (Property interests in public employment "are defined by existing rules or understandings that stem from an independent source such as state law . . . [or] by contract with a state entity.") (internal quotation marks and citations omitted).

The Illinois Fire Protection District Act states that, barring any collectively bargained arbitration provision to the contrary:

> no officer or member of the fire department of any protection district who has held that position for one year shall be removed or discharged except for just cause, upon written charges specifying the complainant and the basis for the charges, and after a hearing on those charges before the board of fire commissioners, affording the officer or member an opportunity to be heard in his own defense.

70 ILCS 705/16.13b. Basek believes that the plain language of the statute entitled him to due process as he met what he believes to be the sole articulated criterion for eligibility, namely, one year of service.[3] Pl.'s Mot. Dismiss Opp. Br. at 5. He points to *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, where the Seventh Circuit held that

---

[3]Basek's complaint also alleges that he had a protected property interest in his position by virtue of the District's Rules and Regulations. Compl. ¶¶ 52, 60. Basek interprets a version of the Rules and Regulations dated 1987 to characterize the position of Division Chief (which was not created until 2005) as eligible for due process protection. Pl.'s Mot. Dismiss Opp. Br. at 6-7. As Defendants point out, the relevant Rules and Regulations in effect at the time of Basek's removal was enacted in 2008, and incorporates by reference the due process requirements of § 16.13b of the Act rather than create any independent basis for a property interest. Defs.' Mot. Dismiss Br. at 10 (citing R.20-1, Exh. 3, Tri-State Fire Protection District Rules and Regulations Effective Nov. 3, 2008 at 15). The analysis for this particular claim is therefore identical to Basek's argument for due process based on the terms of the Act.

the Act "undoubtedly creates a property interest in continuing employment." 604 F.3d 490, 495 (7th Cir. 2010).

Defendants counter, correctly, that *Kodish*, which dealt with an entry-level firefighter clearly falling under § 16.13b's ambit, does not resolve the issue for Basek, who held the much more ambiguous role of Division Chief. Defs.' Mot. Dismiss Reply Br. at 4. In contrast to "officer or member" roles, Defendants continue, the position of Division Chief was created, and remains governed, not by the Act, but by a 2004 Ordinance passed by the Board of Trustees. *Id.* at 3. That Ordinance, amending an earlier 1988 ordinance that had established certain executive personnel within a "Headquarters Bureau," created three new Division Chief positions—for Safety and Security (the position Basek later assumed), for Capital Assets, and for Fire Prevention—that are managed by the Chief Administrator and "serve at the pleasure of the Board of Trustees." R. 20-1, Exh. 2, Ordinance No. 04-0-02 at 4-5 (amending Ordinance No. 88-0-03 [R. 20-1, Exh. 1]). The Ordinance also specified that:

> [n]othing herein shall confer, and no employee of the Headquarters Bureau shall have, any vested rights to any employment, employee benefits, or procedures except that in the event the . . . Division Chiefs were District career rank employees prior to appointment, upon termination of the appointment if otherwise in good standing with the District and if so eligible, the terminated . . . Division Chief may resume the rank of their previous career status.

*Id.* at 5. This part of the Ordinance says, of course, that Division Chiefs have no protected rights to employment.

The problem, according to Basek, is that the Ordinance contravenes § 16.13b's protections—extended to any fire district "officer or member"—and is therefore invalid. Pl.'s Mot. Dismiss Opp. Br. at 8. Defendants concede that the Fire Protection District Act, as a state statute, would override any *conflicting* provision in a municipal ordinance. Defs.' Mot. Dismiss Reply Br. at 3. But they see no conflict: under the Act, the Board of Trustees was fully authorized to create the at-will position of Division Chief because a separate, plenary-authority provision grants the Board "full power to pass all necessary ordinances, and rules and regulations for the proper management and conduct of the business of the board of trustees of the fire protection district." 70 ILCS 705/6(i). The key to Basek's claim, then, is whether as a Division Chief, he was properly placed into an exempt category not specifically mentioned by the Act, or despite the new title and role, remained an "officer or member" of the District.

### b. "Officer or Member" of the Fire District

The starting point for determining who qualifies as an "officer or member" is the Act itself. The Act does not explicitly define either term. There are basically two options on what "officer or member" could reasonably encompass: either only the narrower category of frontline firefighters (rank-and-file as well as commanding officers who fight fires), or more broadly, firefighters *and* support employees like administrative, secretarial, or maintenance staff, who do not respond to fire emergencies but enable the District to function as a whole.

The Act's provisions, read in context, reveal that the former is true. Tellingly, the parts of the Act related to personnel appointments deal specifically and uniquely with actual firefighters. For instance, eligibility requirements for "positions" covered by the Act are concerned only with qualifications to fill a firefighting role. 70 ILCS 705/16.06 (applicants must be under 35 years old and pass physical tests). Other protocols for appointments refer to a rolling register of eligible firefighters, explicitly excluding "clerks and dispatchers or other civilian employees of a fire department or fire protection district who are not routinely expected to perform firefighter duties." 70 ILCS 705/16.06b; *see also* 70 ILCS 705/16.06c(a). Nowhere does the Act suggest that its scope was intended to cover any other type of employee but firefighters. The Court thus concludes that the scope of the Act, including the protections extended to "officers or members" in § 16.13b, reaches only those employees who perform firefighting duties.[4]

As a result, the inquiry boils down to: did Basek, after becoming Division Chief, continue to serve in some capacity as a firefighter, that is, carry out some tasks and assignments routinely undertaken by firefighters? Defendants believe that Basek was placed into a non-firefighter executive position that the Board was empowered, under the Act's catch-all authority provision, to create. The Court agrees that the Board *could* (the question is whether it did) create non-firefighter executive positions without creating a conflict between the Act and municipal

---

[4]What precisely constitutes firefighting duties under the Act and how much of an employee's overall responsibilities must involve them in order to remain covered by the Act are questions to be resolved later in the litigation, on the basis of a fuller factual record and proper presentation of the legal and factual issues by the parties.

ordinances: a fire protection district could need (and any district of substantial size *must* need) personnel beyond just firefighters to function, but the Act, by its own terms, contains no provisions for appointment of non-firefighter staff. So the Board must be empowered to create executive, administrative, or other necessary staff as part of the "proper management and conduct" of District business. 70 ILCS 705/6(i). *See also Gaffney v. Bd. of Trustees of Orland Fire Prot. Dist.*, 969 N.E.2d 359, 369 (Ill. 2012) (discussing board of trustees' broad powers under Section 6, including "providing group life, health, accident, hospital, and medical insurance for the district's employees"). What the Board is not authorized to do is categorize employees as due-process-exempt when in fact the employees really are "officers or members" protected by the Act's terms.[5]

At this stage, we do not know how to properly characterize Basek's duties. But for now, we do not need to know. At this stage of the litigation, in order to survive the motion to dismiss, Basek need only state a plausible claim for relief on the basis that he was removed from a position to which due process rights attached. *See Hefferman v. Bass*, 467 F.3d 596, 599-600 (7th Cir. 2006) (plaintiff need not

---

[5]Indeed, the Act states that the only exempt official whom the trustees may appoint is the District Chief, who "shall serve at the pleasure of the board." 70 ILCS 705/16.04a. A separate board of fire commissioners "shall appoint all officers and members of the district," who by contrast are owed due process rights. *Id.* If "Headquarters Bureau" staff were still in essence officers or members, their characterization as at-will employees would circumvent the division of authority between trustees and commissioners under the Act.

It is worth noting here that § 6(b) of the Act states that "the board [of trustees] may appoint . . . any firemen that may be necessary for the district, who shall hold office during the pleasure of the board," *except* as otherwise provided elsewhere in Sections 16.01 through 16.18 of the Act, which includes the requirement that officers or members of the District be appointed by the board of fire commissioners (not the board of trustees), 70 ILCS 705/6(b).

plead legal theories); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)

("[A] motion to dismiss . . . test[s] the sufficiency of the complaint, not . . . the merits

[of the case]."). It is true that Basek's complaint provides no explicit details about

the day-to-day duties of a Division Chief, but the complaint does allege that Basek

was promoted to the position as a direct result of his exemplary work as a

firefighter and that he transitioned immediately back to be a firefighter upon

removal as Division Chief. Compl. ¶¶ 13, 33. As the non-moving party, Basek is

entitled to all reasonable inferences in his favor, *McMillan v. Collection Prof'ls, Inc.*,

455 F.3d 754, 758 (7th Cir. 2006), and it is reasonable to infer from these

allegations that the Division Chief-position encompassed at least some duties

common to firefighters—consider, for example, a promoted police commander who

takes on added administrative and supervisory duties but may still participate in

arrests and other policing work.[6] *See generally Swanson v. Citibank, N.A.*, 614 F.3d

400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-

matter of the case to present a story that holds together. In other words, the court

will ask itself *could* these things have happened, not *did* they happen."). All in all,

---

[6]Defendants have attached to their brief a copy of the appendix to the 2004 Ordinance laying out the job duties of the Division Chief for Safety and Security. The appendix describes the job as "highly responsible administrative work" that includes preparing budget estimates, hiring and directing employees, and overseeing "all aspects of District Homeland Security." R.20-1, Exh. 2, Appendix B to Ordinance No. 04-0-02 at 1. Ordinarily a court may only look to the contents of the complaint in weighing a Rule 12(b)(6) motion to dismiss, but under a narrow exception it may take judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Even assuming that the appendix qualifies as such a record, its contents are not sufficient to win dismissal of Basek's claim. First, it is unclear on its face if the list provided was meant to be an exhaustive one of the Division Chief's duties. Second, even if it were exhaustive, the Division Chief's role could have been more expansive in reality (to include some firefighting duties) than expressed on paper.

Basek has stated an initial claim to relief that is plausible on his procedural due process claims, and Defendants' motion to dismiss them at this stage must be denied.[7] Of course, discovery might very well show that Basek does not perform firefighter duties, but deciding the case on that ground will have to wait for the summary-judgment stage.

### 2. Qualified Immunity

Even if the due process claims survive their motion, Defendants argue that the doctrine of qualified immunity requires that the claims be dismissed at least as to the individual Defendants. Defs.' Mot. Dismiss Br. at 10-12. The Court agrees.

"[Q]ualified immunity protects government agents from liability when their actions do not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 914 (7th Cir. 2011) (quoting *Purvis v. Oest*, 614 F.3d 713, 720 (7th Cir. 2010)); *see also Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Its applicability rests on "(1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008) (citing *Saucier v. Katz*, 533

---

[7]The Court addresses briefly a final argument advanced by Defendants. Assuming Basek is correct in that the 2004 and 1988 Ordinances irreconcilably conflicted with the Act and were thus invalid, the Board would have lacked the power to appoint him in the first place—and Basek cannot assert a property interest over a position without a statutory basis. Defs.' Mot. Dismiss Reply Br. at 5. Defendants raised the issue only in their reply, without opportunity for Basek to respond. If the scenario envisioned by Defendants here is substantiated by facts uncovered in discovery, the Court will grapple with the consequences in the context of a summary judgment motion, where the issue will have been properly briefed and presented by the parties.

U.S. 194, 201 (2001)). Here, as analyzed above, Basek has stated a plausible claim that he was unconstitutionally deprived of due process. But he has not shown that the right was clearly established.

"[F]or a constitutional right to be clearly established, 'its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *White v. City of Markham*, 310 F.3d 989, 993 (7th Cir. 2002) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)) (internal quotation marks omitted). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Hope*, 536 U.S. at 739 (internal quotation marks and citations omitted). The plaintiff shoulders the burden of demonstrating this apparent unlawfulness, ordinarily by pointing to an existing "case on point or closely analogous" that "establishes the unconstitutionality of [a defendant's] actions" or shows that "the contours of the right are so established as to make the unconstitutionality obvious." *Boyd v. Owen*, 481 F.3d 520, 527 (7th Cir. 2007).

Basek argues that he "more than surpassed this burden" because the Seventh Circuit has "squarely recognized the constitutional right at issue as granted by the plain language of the Fire Protection District Act." Pl.'s Mot. Dismiss Opp. Br. at 13-14. It is true that *Kodish* affirmed that the Act created an enforceable property interest in certain public employment in Illinois fire protection districts. 604 F.3d at 495. But, as noted, that case established that right in the context of *an entry-level*

*firefighter* who was thus unambiguously a "member" of the fire district as required by the Act. *Id.* By contrast, as the earlier discussion of the Act's ambiguous scope in this opinion demonstrates, it was anything but clear that a constitutional right to due process attached to the job category of Division Chief for this particular fire protection district. Basek offers no analogous cases or other authority to suggest otherwise. Accordingly, there is no basis to hold the individually named Defendants liable for Basek's due process claims, and those claims against the individuals are dismissed. *See Sonnleitner v. York*, 304 F.3d 704, 716 (7th Cir. 2002) (qualified immunity attaches because sole case cited to by plaintiff for right to procedural due process is factually distinguishable).

### 3. FMLA Claims

The final piece to Defendants' motion to dismiss concerns Basek's claim that he was retaliated against for asserting his leave rights under the FMLA. Defendants' argument, elucidated in any detail only in their reply brief, is undeveloped and unconvincing. First, Defendants posit that the FMLA claims cannot stand against the individual Defendants if the due process claims fail. Defs.' Mot. Dismiss Reply Br. at 11. But Count IV of the Complaint raises an independent FMLA-retaliation claim, Compl. ¶¶ 76-81, and Defendants provide no reason why the sufficiency of this legally distinct cause of action is dependent on that of the due process claim. In any event, the Court has already concluded that the due-process claim does not fail.

Alternatively, Defendants argue that there is no colorable claim against the individual Defendants even without regard to the due-process claim. The three Defendants who were District commissioners could not liable for any FMLA-related retaliation, the argument goes, because the Division Chief served at the pleasure of the *trustees* under the Ordinances. Defs.' Mot. Dismiss Reply Br. at 11. Defendants then argue that the individually-named trustees also cannot be liable because "nothing in any statute, ordinance, or rule . . . suggests that they have an involvement whatsoever with the administration of FMLA policies." *Id.* The obvious problem here is that Defendants rest on written descriptions of trustees' and commissioners' roles as definitive proof of the non-existence of alleged real-world discrimination. It simply does not follow from the mere existence of an ordinance giving the trustees the ability to discharge Division Chiefs at will that *commissioners* could have no role in controlling Division Chiefs' rights to leave or retaliating against them. Nor does the absence of any written document spelling out the trustees' responsibilities in administering FMLA policies rule out that they may played a role in practice.

In sum, Defendants do not advance any arguments that actually challenge the sufficiency of Basek's FMLA claims or engage in any of the relevant analysis into the necessary elements of those claims. *See generally Goelzer v. Sheboygan Cnty., Wis.*, 604 F.3d 987, 995 (7th Cir. 2010) (discussing FMLA retaliation claims in context of summary judgment motion). Accordingly, their motion to dismiss the FMLA claims is denied.

## B. Retaliatory Discharge

Turning now to Defendants' motion for partial summary judgment on Basek's Illinois workers' compensation-related claim, the question presented is relatively straightforward. Under Illinois law, "[t]o prevail on a claim of retaliatory discharge, the plaintiff has the burden of proving three elements: (1) that he was an employee before the injury; (2) that he exercised a right granted by the Workers' Compensation Act; and (3) that he was discharged and that the discharge was causally related to his filing a claim under the Workers' Compensation Act." *Beatty v. Olin Corp.*, 693 F.3d 750, 753 (7th Cir. 2012) (quoting *Clemons v. Mech. Devices Co.*, 704 N.E.2d 403, 406 (Ill. 1998)) (internal quotation marks omitted). The first two elements are not in dispute in Basek's case; the only question is whether the allegations, even when viewed in his favor, could possibly establish that Basek was "discharged" by the District. They cannot.

The barrier facing Basek is *Zimmerman v. Buchheit of Sparta, Inc.*, where a plurality of the Illinois Supreme Court refused to expand the common-law tort of retaliatory discharge to "include review of demotions, transfers, or other adverse work conditions that are alleged to be retaliatory in nature." 645 N.E.2d 877, 882 (1994) ("We decline plaintiff's request to extrapolate . . . a cause of action predicated on retaliatory demotion.").[8] The Illinois Supreme Court underscored the "element of discharge" as "essential to the tort," *id.*, and federal and state courts in Illinois have continued to apply that principle, *see, e.g.*, *Thomas v. Guardsmark, Inc.*, 381 F.3d

---

[8]Although *Zimmerman* was a three-Justice plurality decision, that does not help Basek because the two concurring Justices wanted to go even farther and overrule the creation of the retaliatory-discharge tort altogether.

701, 707 (7th Cir. 2004) ("Discharge in an employment context is commonly understood to mean the release, dismissal, or termination of an employee.") (quoting *Welsh v. Commonwealth Edison Co.*, 713 N.E.2d 679, 683 (Ill. App. Ct. 1999)); *Metzger v. DaRosa*, 805 N.E.2d 1165, 1173 (Ill. 2004) ("We have [ ] *never* recognized a common law tort for any injury short of actual discharge."); *Graham v. Commonwealth Edison Co.*, 742 N.E.2d 858, 865-66 (Ill. App. Ct. 2000) ("The law in Illinois is clear that Illinois courts have refused to expand the theory of retaliatory discharge beyond the element of actual termination") (citing *Pope v. Inland Prop. Mgmt. Inc.*, 878 F. Supp. 1114, 1117 (N.D. Ill. 1995)).[9] Defendants argue that Basek's claim must fail as a matter of law because, although he may have been removed as Division Chief, he was not discharged from employment by the District. Defs.' Summ. J. Br. at 3-4.

Although Basek makes a spirited effort to distinguish *Zimmerman* by painting the retaliatory action taken against him as a discharge masquerading as a demotion, the allegations and Illinois law are simply against him. To begin, Basek emphasizes that he was *removed* from his position and never given the option to retain it, equating this with a discharge because it was involuntary. Pl.'s Summ. J. Opp Br. at 5. Basek grasps at semantic straws: someone who is demoted from one position to a lower one (or has his hours or pay cut) is also removed (or penalized in some fashion) without a say in the matter, and in just as involuntary a manner. The crucial distinction is what happens to the employee after the action, whether service

---

[9] In addition, *Zimmerman* declined to hold that the Workers' Compensation Act itself created an implied statutory right of action for retaliatory conduct short of discharge. 645 N.E.2d at 883.

with the employer is terminated or it continues in another capacity, even if on less favorable terms for the employee. *See Zimmerman*, 645 N.E.2d at 882 (highlighting "circumstances in which an employee suffers a loss of employment status or income or both, but is not terminated from her employment altogether"). Basek transitioned back into a non-executive role as a firefighter Lieutenant without, according to both parties' factual presentations, any interruption to his employment with the District. *See* Compl. ¶¶ 31, 33; DSOF ¶¶ 13-14. This can only be reasonably called a demotion.

To be sure, as Basek highlights, there are situations where retaliation couched as a demotion or some other unfavorable employment action may be, for all intents and purposes, a discharge. *See, e.g.*, *Herman v. Power Maint. & Constructors, LLC*, 903 N.E.2d 852, 862 (Ill. App. Ct. 2009) (difference between a failure to recall and a discharge is "semantics," germane point is that plaintiff was denied work); *Motsch v. Pine Roofing Co.*, 533 N.E.2d 1, 5 (Ill. App. Ct. 1988) (refusal to recall discussed in context of retaliatory discharge, as both force employees "to choose between their jobs and seeking their rights"); *Hinthorn v. Roland's of Bloomington, Inc.*, 519 N.E.2d 909, 910-12 (Ill. 1988) (forcing employee to sign "voluntary" resignation and thereby leave employment was retaliatory discharge). Basek's is not one of them. He points to a recent Illinois Appellate Court decision, *Holland v. Schwan's Home Serv. Inc.*, where the plaintiff was removed from his position for taking prolonged medical leave and given 30 days to reapply for another role with the employer. 992 N.E.2d 43, 62 (Ill. App. Ct. 2013). The

appellate court upheld the jury's determination that the plaintiff had been discharged in retaliation because "any renewed employment relationship was contingent on uncertain future events, *i.e.*, an application and acceptance process." *Id.* at 68 ("It does not require much of an inference for the jury to conclude that a person who has no job and no income, and who must apply for a new job, no longer has an employment relationship with his former employer."). Yet Basek, by contrast, was never made to reapply to be a Lieutenant, so his continued tenure with the District was never in doubt. Indeed, by the terms of the 2004 Ordinance, upon removal as Division Chief, Basek *had* to revert automatically to his last held rank before the appointment (which, as an officer-or-member role, was a protected position).[10] Ordinance No. 04-0-02 at 5.

Basek insists that he *was* discharged, and just given a take-it-or-leave-it offer to return as Lieutenant immediately afterwards. Pl.'s Summ. J. Reply Br. at 9. He argues that the Court should not penalize him for having taken the offer by characterizing the transaction as a non-actionable demotion; after all, he had a common law duty to mitigate damages upon the unlawful discharge. *See Fleming v. County of Kane*, 898 F.2d 553, 560 (7th Cir. 1990). A creative argument, but it puts the horse before the cart. Because Basek was never actually discharged, as

---

[10]Basek also argues that the existence of a union grievance that was filed challenging the District's authority under a collective bargaining agreement to return him to the rank of Lieutenant established an issue of fact, because it could show that the "offer" was illusory as the District knew all along it was obligated to fill the spot with someone else. Pl.'s Summ. J. Surreply Br. at 2-3. The arbitrator who heard the grievance determined, however, that Basek's demotion to Lieutenant was proper, removing any basis to support Basek's inference of pretext. R. 49-1, Exh. 1, Arbitration Award dated Mar. 10, 2014 at 19.

explained above, he cannot characterize his "accepting" the Lieutenant position, which was his by right according to the Ordinance, as simply mitigating damages nor as a way of transforming a demotion to a discharge.

Finally, Basek's reliance on a Michigan appellate court decision, stating that "[a] demotion from one job to a lesser job is a discharge from the first job, and a demotion will support a wrongful discharge claim," is misplaced. *Richards v. Detroit Free Press*, 433 N.W.2d 320, 322 (Mich. App. 1988). Michigan, unlike Illinois, has not categorically rejected retaliatory demotion as an actionable subset of retaliatory discharge claims. *See Baragar v. State Farm Ins. Co.*, 860 F. Supp. 1257, 1259 (W.D. Mich. 1994) ("[T]he Sixth Circuit indicated that Michigan courts would recognize a 'wrongful demotion' claim.") (citing *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1164 (6th Cir. 1990)). In Illinois, as already discussed, the dividing line between actionable discharges and non-actionable demotions, whatever the logic in drawing such a line may be, remains in place.

Accordingly, Defendants' motion for partial summary judgment as to the workers' compensation-related retaliation claims is granted.

### III. Conclusion

For the reasons stated above, Defendants' motion to dismiss Basek's due process and FMLA claims is denied, but Defendants' motion for partial summary judgment on Basek's workers' compensation-related retaliation claims is granted. The October 10, 2014 status hearing remains in place, and the parties are directed to begin settlement discussions and consider whether a settlement-referral to the

magistrate judge makes sense, now that this opinion has narrowed the claims in this case.

ENTERED:

_____s/Edmond E. Chang_____
Honorable Edmond E. Chang
United States District Judge

DATE: September 25, 2014